UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

KNOXVILLE DIVISION

SHANNON BITZER,

Plaintiff,

v.

JOURNALIST JANE/JOHN DOE,

WBIR, and TEGNA, INC.,

Defendants.

Case No. 3:25-cv-00337-TAV-DCP

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

Plaintiff Shannon Bitzer, appearing pro se, submits this Reply in support of his Motion to Remand and in response to Defendants' Opposition (DE 12). Defendants' arguments fail to rebut the procedural defects and lack of complete diversity. Remand is warranted, with costs and fees under 28 U.S.C. § 1447(c).

I. INTRODUCTION

Defendants' Opposition ignores Plaintiff's evidence of valid June 16, 2025, service, misapplies the unanimity rule, and disregards the John/Jane Doe's Tennessee citizenship. Their "abundance of caution" removal on July 15 admits uncertainty, supporting timeliness defects. Plaintiff requests limited jurisdictional discovery if needed.

## II. REMOVAL WAS UNTIMELY AND DEFECTIVE

Defendants claim removal was timely from July 14 service on WBIR's Memphis agent, but ignore Plaintiff's June 16 service at WBIR's Knoxville office (1513 Bill Williams Ave.), accepted by an authorized employee (See Exhibit I: Proof of Service June 16th). The 30-day clock starts upon proper service (§ 1446(b)(1); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999)). July 15 removal is 29 days from June 16, but Defendants' reliance on the later date suggests evasion—remand for improper removal.

Tegna's pre-service joinder (admitted in DE 12) raises snap removal concerns (§ 1441(b)(2)), even if Tegna isn't a TN citizen. WBIR's Knoxville operations imply forum-defendant status; discovery is needed on ties (e.g., local members). Texas Brine Co. v. Am. Arb. Ass'n, Inc., 955 F.3d 482 (5th Cir. 2020) (snap removal scrutinized).

## III. UNANIMITY RULE NOT SATISFIED

Section 1446(b)(2)(A) requires consent from all "properly joined and served" defendants. Defendants admit only WBIR was served (DE 12 at 2), yet Tegna joined

pre-service—insufficient under City of Cleveland v. Ameriquest Mortg. Sec., Inc., 615 F.3d 496 (6th Cir. 2010) (unanimity demands formal consent). This procedural flaw warrants remand.

## IV. INCOMPLETE DIVERSITY EXISTS

Defendants disregard Doe's citizenship per § 1441(b)(1), but Doe (likely a TN-resident WBIR journalist) is not "fictitious"—specific and identifiable (Curry v. U.S. Bulk Transp., Inc., 462 F.3d 536 (6th Cir. 2006)). Riddle v. Lowe's Home Ctrs., Inc., 802 F. Supp. 2d 900 (M.D. Tenn. 2011) involved a truly unknown Doe; here, Doe's role destroys diversity.

WBIR's DE/VA citizenship is disputed—Knoxville principal place of business implies TN ties (See Exhibit D: WBIR Knoxville Place of Business); Hertz Corp. v. Friend, 559 U.S. 77 (2010)). BlackRock's 10%+ stake in TEGNA (and others) may include TN elements (See Exhibit E: Yahoo Finance Investor Documentation)—grant discovery on ownership/members.

## V. CONCLUSION

Defendants' Opposition fails; remand to Knox County Circuit Court, award costs/fees (§ 1447(c)), and grant jurisdictional discovery if needed.

DATED: August 5, 2025

Respectfully submitted,

/s/ Shannon Bitzer

Shannon Bitzer, Pro Se

7322 Wildwood Ct.

Knoxville, TN 37920

Phone: 513-658-1989

Email: SJBitzer@gmail.com

CERTIFICATE OF SERVICE

I certify that on August 5, 2025, a copy of this Reply was served on Defendants' counsel via email and certified U.S. Mail:

Robb S. Harvey

Todd R. Hambidge

Holland & Knight, LLP

511 Union Street, Suite 2700

Nashville, TN 37219

Robb.Harvey@hklaw.com

Todd.Hambidge@hklaw.com

/s/ Shannon Bitzer