UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SHANNON BITZER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:25-CV-337-TAV-DCP |
| | ) |
| TEGNA, INC., WBIR, and | ) |
| JOURNALIST JANE/JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on plaintiff's Motion to Remand to State Court [Doc. 7]. Defendants responded [Doc. 12], and plaintiff replied [Doc. 13]. Accordingly, this matter is ripe for review. *See* E.D. Tenn. L.R. 7.1(a). For the reasons discussed herein, plaintiff's motion [Doc. 7] will be **DENIED**.

### I. Background

This lawsuit arises from defendants' reporting and publication of an article that allegedly defamed plaintiff [Doc. 1-1]. Specifically, defendant WBIR published an online article entitled "Shannon Bitzer Facing January 6 Insurrection Charges," wherein its reporter(s) portrayed plaintiff as "a violent participant" in events at the United States Capitol on January 6, 2021 [*Id*. at 4]. Plaintiff alleges that this article "was widely disseminated to the public, resulting in severe reputational harm, emotional distress, and economic loss" [*Id*.]. He seeks compensatory and punitive damages, as well as an injunction requiring defendants to retract the article [*Id*. at 7].

Plaintiff filed his complaint in the Knox County, Tennessee Circuit Court on June

9, 2025 [*See* Doc. 1-1, p. 2]. On June 16, 2025, he filed an amended complaint [Doc. 1-1, p. 14]. That same day, summonses were issued as to defendants WBIR, Tegna, Inc. ("Tegna"), and Jane/John Doe [*Id*. at 22–24]. The summons as to defendant WBIR appears to have been returned executed on June 16, as well [*Id*. at 26–27; *see also* Doc. 7, p. 4 (stating that plaintiff served only WBIR on June 16)].

On July 15, 2025, defendants WBIR and Tegna filed a notice of removal to this Court [Doc. 1-2, p. 2]. Specifically, they invoke diversity of citizenship jurisdiction based upon plaintiff's citizenship in Tennessee and his claimed damages of $848,000 [Doc. 1, pp. 4–5]. In their Rule 7.1(a)(1)–(2) disclosure, the parties state as follows:

1. WBIR-TV, LLC is a Delaware limited liability corporation, which has as its single member Tegna Inc., a Delaware corporation. Publicly traded Tegna Inc. is its sole member, and no member or owner in its chain of title is a citizen or resident of the State of Tennessee.

2. Tegna Inc. is a Delaware corporation with its principal place of business in Virginia. Tegna Inc. is publicly traded on the New York Stock Exchange under the symbol TGNA. BlackRock, Inc., a publicly held corporation, owns 10% or more of Tegna Inc.'s stock.

[Doc. 2, pp. 1–2].

In his instant motion, plaintiff argues that removal was improper [Doc. 7]. First, he argues that this Court lacks subject matter jurisdiction because of incomplete diversity between himself and defendants [*Id*. at 3]. Relatedly, he alleges that the Jane/John Doe defendant may potentially destroy diversity upon identification and service [*Id*.]. Second, he contends that defendants committed certain procedural errors, including untimely removal and failure to obtain all defendants' consent [*Id*. at 4].

2

## II. Standard of Review

After a plaintiff files a case in state court, a defendant may remove it to federal court when certain conditions are met. Pursuant to 28 U.S.C. § 1441(a), defendants may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." However, federal courts have limited original jurisdiction and may only exercise "power authorized by Constitution and statute." *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 255 (6th Cir. 2011) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A presumption against federal jurisdiction exists, and federal courts must carefully guard against the temptation to expand beyond the jurisdictional bounds established by Congress. *See Kokkonen*, 511 U.S. at 377 ("Federal jurisdiction may not be 'maintained by mere averment,' 'inferred argumentatively,' or 'supplied by inference'.") (internal citations omitted); *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 (1951) ("To permit a federal trial court to enter a judgment . . . where the federal court could not have original jurisdiction . . . [would] give district courts power the Congress has denied them."); *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 391–92 (6th Cir. 2016) ("the presumptions… is[] that a cause is without its jurisdiction unless the contrary affirmatively appears.") (internal citation omitted). "[T]he general rule [is] that an action may be removed from state court to federal court only if a federal district court would have original jurisdiction over the claim in suit." *Jefferson Cty. v Acker*, 527 U.S. 423, 430 (1999) (citing § 1441(a)).

A federal district court has original subject matter jurisdiction over two types of actions. First, the district court has original subject matter jurisdiction over actions that arise under the federal Constitution, federal law, or treaties of the United States. 28 U.S.C. § 1331. Second, the district court has original subject matter jurisdiction over actions based on diversity of citizenship, where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" parties who are "citizens of different States." 28 U.S.C. § 1332.

A court considers whether federal jurisdiction exists at the time of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). Because federal courts are courts of limited jurisdiction, any doubt concerning federal jurisdiction should be construed in favor of remanding the case back to state court. *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108–09 (1941). The removing party must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. 28 U.S.C. § 1446(c)(2)(B); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554–55 (2014); *Rogers v. Wal-Mart Store, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). This burden requires the removing party to affirmatively produce "competent proof" of the necessary facts. *K2 Holdings, LLC v. New Cingular Wireless, PCS, LLC*, No. 5:16-CV-134, 2017 WL 1134398, at *3 (E.D. Ky. Mar. 27, 2017) (quoting *Walker v. ProNational Ins. Co.*, No. 12-CV-100, 2012 WL 6060368, at *2 (E.D. Ky, Dec. 5, 2012). If the court determines that the removing party has failed to meet this burden, the court should remand the case back to state court.

**III. Analysis**

The Court finds removal proper based on diversity jurisdiction.[1] First, the parties are diverse. Plaintiff concedes that he is a Tennessee resident [Doc. 7, p. 3]. Per their disclosure to the Court, neither defendant WBIR nor Tegna is a resident of Tennessee [*See* Doc. 2, pp. 1–2]. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]").[2] And, despite plaintiff's argument to the contrary, the unknown citizenship of an as-of-yet unserved Jane/John Doe does not destroy diversity. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

Additionally, the Court does not perceive a procedural defect invalidating removal. Despite initially arguing that defendants filed an untimely notice of removal [*See* Doc. 7, p. 4], plaintiff appears to concede that defendants complied with the appropriate timeframe in his subsequent filing [Doc. 13, p. 2 ("July 15 is 29 days from June 16, but Defendants' reliance on the later date suggests evasion—remand for improper removal.")].

As for plaintiff's final remaining argument, that defendant WBIR failed to obtain

---

[1] Plaintiff concedes that the amount-in-controversy requirement is satisfied [Doc. 7, p. 3 ("Plaintiff's $848,000 claim satisfies the amount, but complete diversity is lacking or unproven.")].

[2] The Court acknowledges plaintiff's attached "Exhibit D," which depicts a Google Maps screenshot of WBIR 10 being associated with the address 1513 Bill Williams Avenue, Knoxville, TN 37919 [*See* Doc. 7-1, p. 5]. Although defendant WBIR appears to operate in Tennessee, that is not the test for corporate citizenship under 28 U.S.C. § 1332(c)(1).

defendant Tegna's consent prior to filing its notice of removal [*See* Doc. 7, p. 4], the United States Court of Appeals for the Sixth Circuit has held that the so-called "rule of unanimity" only applies to defendants who have been served when removal is filed. *Beasley v. Wells Fargo Bank, N.A. for Certificate Holders of Park Place Sec., Inc.*, 744 F. App'x 906, 914 (6th Cir. 2018). Here, the parties appear to agree that defendant Tegna had not been served at the time of defendants' removal filing [*See* Doc. 7, p. 4; Doc. 12, p. 2]. And in any event, defendant Tegna has manifested its consent to removal in its instant briefing.

## IV. Conclusion

Defendants have met their burden in demonstrating that this Court has original jurisdiction over the present action under 28 U.S.C. § 1332(a). For the reasons stated above, the Court **DENIES** plaintiff's Motion to Remand to State Court [Doc. 7].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE